UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KATRIEL ben YISRAEL a/k/a, )
BERNARD S. HOOKS )
 )
      Plaintiff, )
 )
v. ) No. 4:19-CV-3318 SPM
 )
UNITED STATES OF AMERICA, et al., )
 )
      Defendants. )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's Notice of Tort Claim and Opportunity to Cure ("The Notice"). The Notice purportedly involves several UCC transactions, which defendant believes will result restoration of real property situated in St. Louis County, Missouri, a Court order stating that he does not owe any taxes on that property and an order negating any municipal violations relating to the property.

The Court declines to implement The Notice and plaintiff's "self-executing" power of attorney, which he believes gives him the right to unilaterally bestow sovereign or diplomatic immunity upon himself.[1] *See United States v. Lumumba*, 741 F.2d 12, 15 (2nd Cir. 1984). As a result, the Court will dismiss this legally frivolous action without further proceedings.

---

[1] The United States does not consider the Moorish nation to be sovereign. *See Benton-El v. Odom,* 2007 WL 1812615 *6 (M.D. Ga. June 19, 2007); *Osiris v. Brown,* 2004 WL 2044904 *2 (D.N.J. Aug. 24, 2005); *Khattab El v. United States Justice Dept.,* 1988 WL 5117 *2 (E.D. Pa. Jan. 22, 1988).

**Discussion**

> Prisoners have sporadically attempted to foist such frivolous, irrational, unintelligible UCC-related arguments on federal district courts for years. Such efforts (which broadly fall under the theory of "redemption") have uniformly been rejected in summary fashion, and may subject their filers to prosecution should they proceed to file frivolous bonds, liens or default notices against government officials involved in defendants' incarceration.

*United States v. Ornelas,* Slip Copy, 05-0321-WS-C, 2010 WL 4663385, *1 (S.D. Ala. 2010); *see, e.g., Luster v. United States*, 2010 WL 3927786, *2 (M.D. Ga. Apr.13, 2010) ("Petitioner's references to the Uniform Commercial Code and commercial transactions provided no relief from his criminal conviction and sentence for bank robbery to which he pleaded guilty."); *Marshall v. Florida*, 2010 WL 1248846, *1 n. 2 (S.D. Fla. Feb.1, 2010).

The complaint is legally frivolous because plaintiff's allegations are gibberish. Plaintiff is attempting to put forth an anti-government scheme that utilizes commercial law to harass and terrorize its targets. Utilizing the UCC through the filing of commercial documents to assert personal sovereignty is an abusive practice that encompasses the filing of baseless liens and/or UCC financing statements for the purpose of harassment and credit impairment of the alleged debtor. *See United States v. Mitchell,* 405 F. Supp.2d 602, 604-05 (D. Md. 2005) (pointing out that such arguments "have been summarily rejected" in criminal cases around the country, inasmuch as "the U.C.C. has no bearing on criminal subject matter jurisdiction" and defendant's arguments are rooted in "the antics and writings of extremists who wish to disassociate themselves from the social compact undergirding this nation's democratic institutions").

Plaintiff's Notice is legally frivolous and does not entitle him to relief. To the extent that plaintiff may have filed any fraudulent bonds or liens, he may be subject to criminal prosecution.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's action is **DISMISSED** as legally frivolous.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

Dated this 27th day of January, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE